### LYNES and LYNES *against* SCHOOLEY and HOYT.

THE defendants' attorney, not knowing where the plaintiffs' attorney resided, caused a notice of retainer to be served, in vacation, on his (the plaintiffs' attorney's) agent. The attorneys, in fact, resided within 40 miles of each other. And now, on an affidavit by the defendants' attorney, that he verily believed this notice had reached the plaintiffs' attorney before he entered a default for want of a plea, but that a default had been entered without serving him (the defendants' attorney) with the copy of a declaration, a motion was made to set aside the default, &c., for irregularity. The plaintiffs' attorney made an affidavit to resist the motion; but did not deny that he had received the notice of retainer before the default entered. The case was likened, on the part of the defendants, to a notice sent by mail, which, on a similar affidavit, not contradicted as to the believed receipt of the notice, will save a default. (2 Cain. 384; 1 John. Cas. 413; 1 Cain. 67; 2 id. 386.)

*A. Gregory,* for the motion.

*A. Tyler,* contra, cited 3 John. 149.

*Curia.* It is true, a plea or notice sent by mail, the re-

ceipt of which is not denied, will save a default. But this
*notice was not sent by mail. The mere belief that the
notice was received is not sfficient. Probable grounds for
the belief must be shown; and we then put the opposite
attorney to deny the receipt. This practice should not be
extended. When a party comes to set aside a default for
irregularity, he should be holden to proof at least that he
sent his papers in the ordinary course. This notice was
not so sent. It was served on the agent, with whom there
was no duty or undertaking to transmit it to his principal.
He might have treated it as waste paper. The attorney
might as well rely on his belief, founded on a chance con-
veyance by a stranger. The motion cannot be granted for
irregularity.[1]

But it was granted on other grounds, upon terms.

Rule accordingly.

[1] The New York Code provides that notices shall be in writing; and
notices and other papers may be served on the party or attorney, in the
manner prescribed in the next three sections, where not otherwise provided
by this act.

The service may be personal, or by delivery to the party or attorney on
whom the service is required to be made, or it may be as follows: 1. If
upon an attorney, it may be made during his absence from his office, by leav-
ing the paper with his clerk therein, or with a person having charge thereof;
or when there is no person in the office, by leaving it, between the hours of
six in the morning and nine in the evening, in a conspicuous place in the
office, or if it be not open, so as to admit of such service, then by leaving it
at the attorney's residence, with some person of suitable age and discretion.
2. If upon a party, it may be made by leaving the paper at his residence,
between the hours of six in the morning and nine in the evening, with some
person of suitable age and discretion.

Service by mail may be made, where the person making the service, and
the person on whom it is to be made reside in different places, between
which there is a regular communication by mail.

In case of service by mail, the paper must be deposited in the post-office,
addressed to the person on whom it is to be served, at his place of residence,
and the postage paid.

Where the service is by mail, it shall be double the time required in cases
of personal service. (N. Y. Code, ch. 11, secs. 369, 370, 371, 372, 373.)