## AMASA HOWARD *versus* ALLEN MINER & al.

On a contract for the delivery of specific articles, which are ponderous or cumbrous, when it is not designated in the contract, and there is nothing in the condition and situation of the parties to determine the place of delivery, it is the privilege of the creditor to name a reasonable and suitable one.

And if the debtor be desirous of paying, he should request the creditor to appoint it, or deliver to him in person at a proper place.

The debtor, however, is not obliged to follow the creditor out of the State or country to do this. A reasonable effort to ascertain his residence, and give him the notice, will be sufficient.

If the creditor, being notified, refuses or neglects to appoint, or avoids and prevents the notice, the debtor may appoint a place, and deliver the articles there.

When the intention of the parties as to the place of delivery can be collected from the contract and the circumstances proved in relation to it, the delivery should be made at such place, although it may not be precisely in the condition named in the contract.

On exceptions from the District Court, although the instructions there given may not be entirely correct, our statute does not require this Court to grant a new trial, when it appears that the verdict is correct.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit upon a contract in the following terms. "Dutton, Oct. 3, 1836. For value received we jointly and severally agree to pay Amasa Howard, or order, five hundred bushels of good hard wood coal, to be delivered at his shop in Bangor, on or before the first day of January next.

"Allen Miner,
"Lyman Miner,
"David P. Clark."

The declaration alleged, that when · the note became due, the plaintiff was at his shop in Bangor, ready to have received the coal, and also at any day previous to that time. The plaintiff offered no evidence in support of this allegation; but after proving and giving the note for coal in evidence, he rested.

The defendant then proved, that sometime in May, prior to the giving of the note, the shop formerly occupied by the plaintiff was torn down, and that from that time until after the commencement of this suit, the plaintiff had no shop in Bangor, but had left the State and resided somewhere in New Hampshire; that before and at the time the note became due, the defendant, Allen Miner, had in Dutton a large quantity of coal, estimated at 3500 bushels, in a condition to be delivered; that before the note became due, he called at the shop of one Collomy in Bangor, and inquired for the plaintiff and the note, and requested Collomy to procure the note, who promised so to do, but could not find it; that A. Miner delivered at Collomy's shop 200 bushels of coal to be paid on the note, if it could be procured, but this coal was afterwards accounted for to Miner by Collomy; and that he lost a large quantity of coal by "its being out," exceeding in value the amount of the note in suit.

The plaintiff in interest called one Ford Whitman, who testified, that about the time the note became due it was left in his hands with other papers by the plaintiff; that he made an arrangement with one Egery, to whom the plaintiff was indebted, to take the coal in payment of the note on the plaintiff's account; that he, the witness, gave no notice to the defendants, and did not demand payment of them. Egery testified to the arrangement made by Whitman with him; that he was ready at that time to have received some four or five hundred bushels of good hard wood coal on account of the plaintiff who was indebted to him; but that he never had the note in his possession, never demanded the payment of it, and never gave any notice to the defendants. He said however, that one Fuller did deliver a load of coal to him for Miner, which he credited to the plaintiff; that subsequently another

load was brought in the same way, which he refused to accept, because it was not merchantable; and that subsequently he paid Miner for the load of coal which had been delivered.

The defendants' counsel requested the Court to instruct the jury, that the plaintiff could not recover, unless he proved that he was at his shop at the time and place of payment ready to receive the coal, as he alleged in his declaration; that if on the day of the maturity of the note, the plaintiff was not in Bangor, and had no shop there, that he cannot recover in this action; that if the plaintiff had no shop nor residence here, and the defendants used due diligence in seeking for his residence, the action cannot be maintained, unless at some time before the bringing of the suit, the plaintiff had made a special demand and appointed a place in Bangor where the articles could he delivered; that if the plaintiff had removed from the State, it was not the duty of the defendants to seek him at such residence, to ascertain where the coal could be delivered in Bangor. The Judge presiding at the trial declined to give such instructions; but did instruct the jury, that if the plaintiff had no shop in Bangor at the time the contract was entered into, nor since, that it is to be considered as though no place of delivery in Bangor had been mentioned therein; that when no place for the delivery of specific articles is designated by the parties, that it is the duty of the promisor to ascertain from the promisee the place at which the delivery shall be made; and that the removal of the plaintiff from this State to the State of New Hampshire, between the time of the making and the maturity of the contract, did not absolve the defendants from their duty to ascertain from the plaintiff what place in Bangor he would appoint for the delivery of the coal on the day of payment.

The verdict having been returned for the plaintiff, the defendants filed exceptions.

*J. Appleton,* for the defendants.

1. It was a part of the contract, that the plaintiff had a shop, or would have one, at Bangor, at the time of the maturity of

the note. This was an important stipulation, from which neither could recede. By it, the defendants were absolved from the obligation of seeking the creditor, and asking him to appoint a place.

2. The plaintiff having failed on his part, not having fixed the contract place of payment, through his fault it was impossible for the defendants to make the tender, and consequently they are absolved from doing it. *Freeman* v. *Luce,* 4 Mass. R. 176; 1 Ld. Raym. 687; Chipman on Con. 211; 1 D. & E. 645; *Borden* v. *Borden,* 5 Mass. R. 74; 5 B. & C. 628.

3. The ruling of the Court, that if the plaintiff had no shop in Bangor at the time the contract was entered into, nor since, is to be construed as though no place of delivery had been mentioned, was erroneous. It *de facto* authorizes the plaintiff to erase " at his shop in Bangor," and gives him all the legal benefit of such erasure. And yet such erasure would have been a material alteration of the note, and would have avoided it. Chitty on Con. 204; 3 Taunt. 329; 1 M. & S. 735; 19 Johns. R. 391; *Farmer* v. *Rand,* 2 Shepl. 225.

4. As a place was fixed in the contract, if none such existed, it was the duty of the plaintiff to designate such place and notify the defendants of such designation.

5. The Judge erred in saying that the defendants were obliged to follow the plaintiff to New Hampshire, or wherever he might be, to ascertain what place he would designate as the place of payment. Ohio Cond. Rep. 591.

6. The plaintiff alleged in his declaration that he was ready to receive the coal at the time and place mentioned in the note, to wit, at his shop, in Bangor. The facts thus alleged are material, and must be proved. 2 B. & B. 165; 11 Wheat. 171; 1 Pet. 116, 604; 2 Pet. 543; 12 Pick. 132; 4 Verm. R. 313.

*A. Walker* for the plaintiff.

The first instruction requested was properly withheld, because such averments and proofs are unnecessary. *Bixby* v. *Whitney,* 5 Greenl. 192; *Bacon* v. *Dyer,* 3 Fairf. 19. When such averments are made, no proof need be offered to support them, nor need they be stricken out. *Remick* v. *O'Kyle,* 3 Fairf. 340.

Howard v. Minor.

The other instructions requested were properly withheld, because they were indefinite, unintelligible, hypothetical, and contrary to law. Hypothetical instructions need not be given. 2 Fairf. 350; 1 Fairf. 224. In showing that the instructions given were correct, it will appear that those requested are contrary to law.

The law in regard to contracts of this description was correctly laid down by the District Judge. Co. Lit. 210, (b); 4 Cowen, 452; 7 Conn. R. 110; 5 Greenl. 192. The promisor was not absolved from his obligation on account of the foreign domicil of the promisee. 5 Greenl. 192.

If the contract fixes a place for the delivery of the coal, a tender should have been made there, and this was not done. If it does not, then the law was correctly stated to the jury by the Judge.

In cases of this kind, where promisors rely upon a tender, or upon any excuse for non-payment, they must clearly show, that they have done all in their power to perform. 1 Ld. Raym. 687; Chipm. on Con. 211; *Wyman* v. *Winslow*, 2 Fairf. 398. Ability to perform is no defence. The defendants should have made such designation of the coal to be delivered, such separation from the mass of what was intended to be delivered in payment, as would transfer the property therein to the promisee, and enable him to pursue the property itself. Brayton's R. 223; 4 Cowen, 452; 7 Conn. R. 110; 5 Greenl. 192; 1 Root, 55; ib. 443. They should not only have done this, but they should have had the coal in Bangor ready for delivery on the day of payment. It was the duty of the defendants to have made diligent inquiry for the place of residence of the plaintiff. 4 Cowen, 452; Chipm. on Con. 26, 28.

Where justice is done by a verdict, the Court will not order a new trial for errors in the instruction to the jury. *Kelly* v. *Merrill*, 14 Maine R. 228; *Farrar* v. *Merrill*, 1 Greenl. 17. A new trial will not be granted to let in new cumulative evidence to points taken at the trial. 1 Sumn. 482; 8 Johns. 84; 15 Johns. 210.

The opinion of the Court was drawn up by

SHEPLEY J. — On a contract for the delivery of specific articles, which are ponderous or cumbrous, when it is not designated in the contract, and there is nothing in the condition and situation of the parties to determine the place of delivery, it is the privilege of the creditor to name a reasonable and suitable one. And if the debtor be desirous of paying, he should request the creditor to appoint it, or deliver to him in person at a proper place. Yet he is not obliged to follow him out of the State or country to do this. A reasonable effort to ascertain his residence and give him the notice, will be sufficient. If the creditor, being notified, refuses or neglects to appoint, or avoids and prevents the notice, the debtor may appoint the place. Co. Lit. 210, (b) ; Pothier, part 2, c. 3, art. 4 ; Chip. on Con. art. 27 ; 2 Kent, 507 ; *Aldrich* v. *Albee,* 1 Greenl. 120 ; *Bixby* v. *Whitney,* 5 Greenl. 192 ; *Currier* v. *Currier,* 2 N. H. R. 75 ; *Slingerland* v. *Morse,* 8 Johns. 474.

If the contract in this case is under the circumstances to be regarded as failing to designate the place of delivery, and the defendants as having used reasonable diligence to give the notice, they should have appointed a suitable place and have delivered the articles there.

When the intention of the parties as to the place of delivery can be collected from the contract and the circumstances proved in relation to it, the delivery should be made at such place, although it may not be precisely in the condition named in the contract. For instance, if the contract should designate a store, and it should be changed into a workshop and be occupied by the same person, there could be little doubt respecting the intention. The plaintiff formerly occupied a shop in Bangor, which had been torn down before the contract was made. It does not appear, that he had not continued to control the site, on which it stood ; and if he had, it might, after it had been ascertained, that he did not occupy any shop in the city, well be regarded as the place appointed in the contract. Whether the place be regarded as sufficiently ascertained by

the contract or not, the defendants have not performed all their duty to enable them to make a good defence.

Although the instructions may not be entirely correct, our statute does not require the Court to grant a new trial, when it appears, that the verdict is correct.

*Exceptions overruled.*