*Wright & Knapp*, for defendant.

------•◦•------

## Phillips *v.* Cooley.

Where a note is made payable in corn on or before a given day, a demand is not necessary.

Where no place is appointed for the delivery of specific articles, the debtor must before the day of payment ascertain from the creditor, if practicable, where he will receive the goods.

### *Error to Marion District Court.*

*Opinion by* Greene, J. An action of assumpsit on a note, by which Samuel M. Cooley promised to pay Jacob Phillips two hundred bushels of good corn, on or before the first day of December, 1848. Suit commenced before a justice of the peace, where the defendant recovered a

judgment. The plaintiff took an appeal to the district court, and there on the trial, offered the note in evidence to the jury, but the defendant objected to the introduction of the note, on the ground, that the plaintiff had not proved a demand of the corn, previous to the commencement of the suit. This objection was sustained, and the plaintiff neglecting to prove a demand, was nonsuited, and now urges this ruling of the court as error. The only question involved in this case, has already been decided by this court in the case of *Games* v. *Manning*, (a). In that case, the note was payable in leather at a time and place specified, and it was held, that the plaintiff was entitled to his action without proving that he had demanded the property. The fact that no place was designated in this case for the payment of the corn, cannot change the rule in relation to a demand. Independent of the statute, it is a well settled rule, that where no place is appointed for the delivery of specific articles, the debtor must before the day of payment, ascertain from the creditor, if practicable, where he will receive the goods. *Burr* v. *Myers*, 3 Watts & S. 295; *Bixby* v. *Whitney*, 5 Greenl. 192; *Currier* v. *Currier*, 2 N. H. 95; *Howard* v. *Miner*, 20 Maine 325. According to this doctrine, the first act is to be done by the debtor, if he wishes to avail himself of the privilege to pay his liability in property, and this can hardly be reconciled with the position, that the creditor must first demand the specific articles before seeking to recover his demand.

Besides, the course to be pursued by the maker of any instrument of writing, is defined by statute in all cases where such instrument does not specify any particular place for the payment or delivery of the property. It provides, that it shall be lawful for the maker of any such instrument to tender, on the day of payment, the specific articles at the place where the obligee or payee of any such instrument resided at the time of the execution thereof. *Rev. Stat.* 453, § 7. This certainly contemplates no previous demand on the part of the payee or obligee. If re-

(a) Ante 251.     57

quired, that regulation of the statute would prove utterly fallacious. A demand necessarily implics the power to deliver the article specified at the time and place of the demand, and this would enable the maker of such an instrument, to deliver the property at such place as might be most convenient to him, without reference to the rights and convenience of the payee. But it is useless to enlarge upon this subject, as we adhere with confidence to the decision and views expressed in *Games* v. *Manning.*

Judgment reversed.

*W. H. Seevers* and *L. W. Babbitt,* for plaintiff in error.

*S W Summers,* for defendant.