## WIGGIN v. WIGGIN.

Assumpsit will lie against a residuary devisee for a legacy charged on land devised to and accepted by him, and no previous demand is in general necessary, either of money or specific articles.

Where the use of certain rooms in a house is devised for life, and also a quantity of wood for fuel, to be delivered at the same house, yearly, the legatee is entitled to remove the wood and burn it elsewhere, or to sell it.

Where a tenant for life was seized of certain lower rooms and the chambers above, and the roof had become leaky and in need of repairs;—*held*, that such tenant for life, and the residuary devisee who was seized of the reversion and the rest of the house, were, in legal contemplation, the owners of distinct though contiguous dwelling-houses; and that the latter could not recover of the former, in assumpsit, any share of the expense of repairing the roof, unless incurred by her request; and, also, that he could not recover of the tenant for life the money received by her for the rent of those rooms.

ASSUMPSIT, by Mehitable Wiggin against Hiram Wiggin. The declaration, after setting out the provisions of the will hereinafter stated, and averring the occurrence of the conditions on which the plaintiff was to become entitled to those provisions, and that the defendant had entered and taken possession of the residue of the estate devised and bequeathed to him by the will, alleged the defendant's promise to the plaintiff to execute and comply with those provisions on his part to be performed, and claimed damages for breaches of the promises set forth in the declaration at large. Among other things, the declaration alleged that in consideration, &c., the defendant " promised to cut and haul, suitably and seasonably, to the door of said house, a sufficient quantity of wood. one fourth of which should be hard wood, and all of good quality, to support one fire for her use for and during said time," &c.

It also averred that from the time of the marriage of the said Anna Wiggin, mentioned in said will, the plaintiff has been ready and willing to receive said wood; that the " defendant has not cut and hauled, suitably and seasonably, to the door of said house, sufficient wood to support one fire for her (the plaintiff's) use"; that the defendant, "since the marriage of said Anna, has wrongfully neglected and refused to pay or deliver or furnish the plaintiff any of the articles aforesaid to which she was entitled, as he was bound to do, according to the terms of said will and his promises aforesaid."

The plea was the general issue, with a set-off, one item of which was for " expense of shingling one third part of the house occupied by the defendant, $25"; another item was for " cash received for rent of room, $4."

Nathan Wiggin, the testator, died May 14, 1849, and his will, which, with the codicil, was duly proved June 13, 1849, contained, among other things, the following bequests and devises:

"*Seventhly.*  *  *  I further give and bequeath unto my said daughters, Mehitable Wiggin and Anna W. Wiggin, the use and occupancy of the westerly lower room in my dwelling-house, the chamber over said room, and the northerly front lower room, to live in; together with the presses for clothing and the closets

attached to said rooms, with a privilege in common of passing and repassing in the passage way commonly used, to either or all of said rooms, together with a privilege in common in my back kitchen, cellar, dairy, and well; with a right and privilege to pass and repass to and from either, so long as they may remain single and unmarried, and no longer. I also give unto my said daughters the use and income of one good cow and two sheep, the same to be kept for them on my farm summer and winter, for and during the aforesaid term. I further give and bequeath unto my said daughters five bushels of Indian corn, twelve bushels of potatoes, fifty pounds of pork, and sixty pounds of beef, all to be of good quality, and delivered to them, my said daughters, yearly and every year for and during the aforesaid term of their remaining single and unmarried. I also order and direct that my said daughters shall have four cords of good dry hemlock and pine wood, and six feet of good hard wood, hauled to my house yearly and every year, during said term, and put under cover for fuel for their use.

I also give my daughters as many apples from my orchard yearly and every year, during said term, as they may want for eating and cooking. * * *

Also, it is my intention that if either of my said daughters should decease, or marry, the surviving one, or single and unmarried, should receive the same yearly allowance, with the same privileges that both would receive if remaining single and unmarried, so long as she may remain single, and no longer."

To the will was a codicil containing the following provisions: * *

"And whereas by my said will I did give unto my two daughters, Mehitable and Anna W. Wiggin, four cords of hemlock and pine wood, and six feet of hard wood, to be furnished them annually; now I do hereby revoke the said legacy, and do give unto the said Mehitable and Anna W. a sufficient quantity of wood, one fourth of which shall be hard wood, and all of a good quality, hauled to the door of my house, and suitably and seasonably cut and split for use, to support one fire, for and during the term of their, or either of them remaining single and unmarried, and no longer.

* * * But if either or both of my said daughters shall marry, then and in such an event she or they relinquish all her or their rights to said wood; * * likewise to the use and occupancy of said garden, fruit and bushes."

The evidence tended to show that the plaintiff, being in feeble health, left the house mentioned in the will, and resided with her sisters, sometimes a mile and sometimes ten miles or more distant; that she had not received the wood and corn according to the will; that her agent at various times called on the defendant at his house, while the plaintiff was so residing away, and for her requested leave to take away wood sufficient for one fire, sometimes to burn it herself for her own use away from said house, and at other times to sell it: that the defendant refused to allow it to be taken away. The defendant objected, that, under the provisions of the will and

also under the declaration, the plaintiff was not entitled to recover for any of such refusals to allow the wood to be taken to be burnt by the plaintiff elsewhere or to be sold by her, and for the purpose of conveniently raising the questions of law, the court ruled that in this action the plaintiff was entitled to recover in case of refusal of the defendant to allow her so to take a sufficient quantity of wood, even if she intended to burn it elsewhere than at said house, or intended to sell it; for the same purpose the court ruled that by the provisions of the will the defendant was bound to deliver said corn to the plaintiff.

The defendant's evidence tended to show that the roof of the house had become leaky, and was becoming ruinous; that he asked the plaintiff to join in repairing, and upon her refusal proceeded to shingle the whole house; and claimed that he was entitled to recover of the plaintiff a part of the expense of so doing. For the purpose aforesaid, the court ruled that the defendant was not entitled to recover any thing of the plaintiff upon this cause of action. The defendant's evidence tended to show that the plaintiff had let to a tenant her rooms and received four dollars for rent. The defendant claimed to recover this of the plaintiff under the other item in the set-off; but the court, for the purpose aforesaid, ruled that he could not.

The foregoing questions having been duly raised in the cause, and the court having thus ruled in order conveniently to raise the questions of law involved, and the defendant having excepted to said rulings, by consent of parties the cause was taken from the jury to obtain a determination of said questions; and after the opinion of the whole court shall be pronounced in the foregoing case, the cause may be tried by the jury without prejudice upon the questions of fact by the statements in this case.

*Andrew Wiggin,* for the plaintiff.

1. The plaintiff is entitled to the wood given to her in the will, whether she lives at the house or not, and she may burn it elsewhere or sell it, as she pleases. The plaintiff claims that the defendant was bound to deliver to her, at the door, the wood given to her in the will, whether she chose to occupy the portion of the house given to her and consume it there or not. There is no condition, express or implied, annexed to the gift of the wood, that she should consume it at the house. The defendant's obligation is to deliver the wood at the place designated in the will, and the plaintiff has the right to receive the benefit of this bequest, though said house should burn down, or she, by reason of sickness or any other cause, should be under the necessity of vacating the rooms in said house. The neglect of the defendant to deliver the wood at the door, and also his refusal to let the plaintiff have any wood to burn elsewhere, when requested by her agent, was a breach of his implied contract. This construction does not render the defendant's duties any more onerous, while it enables the plaintiff to derive some benefit from the bequest. The case of *Fiske v. Fiske,* 20 Pick. 449, is directly in point. There is no analogy between the rights of the plaintiff

and those of a tenant for life. The right of a tenant for life to take fire wood, is implied by law as an incident to this estate; but the plaintiff's right is a personal one, given to her by the will, and defined by its terms. The plaintiff has no estate in the land, but only in the portion of the house given to her. *Clough* v. *Elliott*, 23 N. H. 182.

2. It was the duty of the defendant to deliver the corn to the plaintiff, and his failure to do it was a breach of his implied contract. There was no evidence that the plaintiff had ever received any corn from the defendant. The only evidence in the case in reference to the corn is, that the plaintiff has not received it, and this certainly was competent, and shows a breach of the defendant's contract. If, as the plaintiff contends, it was the duty of the defendant to deliver to her the corn without any demand, the defendant, by accepting the devise, became a debtor to the plaintiff for the legacies given her, and was bound to see them paid without demand. This point has been so decided in reference to pecuniary legacies. *Pickering* v. *Pickering*, 6 N. H. 120. And where a debt is payable in specific articles, the debtor must, if they are portable, deliver them to the creditor personally; or if they are cumbersome, notify the creditor that he is ready to deliver them, in order that the creditor may fix upon a place of delivery. The first act, in either case, must be done by the debtor. *Miles* v. *Roberts*, 34 N. H. 245, and cases there cited. No place being designated in the will for the delivery of the corn, it must be delivered to the plaintiff wherever she may be, like any other contract for the delivery of specific articles. There is a settled distinction between a contract of sale and a contract to pay a debt. 2 Kent Com. 506.

3. The plaintiff was not bound to contribute toward the repairs which the defendant made upon the house. If the plaintiff is to be considered a tenant for life, she is tenant of that portion only, of the house given to her, which in law is regarded as a distinct dwelling-house. *Loring* v. *Bacon*, 4 Mass. 575. She is bound therefore to repair only that portion, and the defendant, who owns the portion of the house above and around her, is bound ·to keep that in repair, and instead of the defendant having any claim upon her, on account of the incidental benefit which she may derive from the repairs, he would have been liable to her for any damage she might have sustained by his neglect to repair. *Loring* v. *Bacon*, before cited; *Runnels* v. *Bullen*, 2 N. H. 532. If the plaintiff is liable at all, she is liable only in an action on the case, and the defendant can not avail himself of her liability as a set-off. *Doane* v. *Badger*, 12 Mass. 65.

4. The plaintiff had a right to let the rooms which were given to her. It is well settled, that the expression of the object, or reason of an express gift, will not control or restrict it. 2 Jarm. Wills 742; *Wasthoff* v. *Dracunt*, 3 Watts 240; *Holme* v. *Harrison*, 2 Whart. 283, cited in 2 U. S. Dig. 79, notes 179, 177.

*Small*, for the defendant.

1. The plaintiff can not recover legacies under the count upon

an account annexed.  *Hilton* v. *Burley*, 2 N. H. 193 ; *Wheat* v. *Norris*, 13 N. H. 179.

2. The evidence touching the defendant's refusing to allow the plaintiff to take away wood, was incompetent and irrelevant under the plaintiff's declaration.  The only promise or undertaking declared on or alleged, is the implied promise, arising from the defendant entering upon and taking possession as residuary legatee, of the land charged with the legacies, to fulfill and perform the provisions of the will according to the terms thereof; consequently any evidence tending to prove a different contract was irrelevant and incompetent.  1 Greenl. Ev., sec. 51.  The allegations in the writ follow the will, and the breach assigned specially negatives the performance of the contract according to its terms.  All that is open to the plaintiff to prove, is the promise and the breach of it ; and proof of its performance according to the terms of the allegations would constitute a perfect defense.  Nor can the mere general breach, assigned in the words " the defendant has neglected and refused to pay, or deliver, or furnish any of the articles aforesaid," &c., aid in this particular, for the simple reason that it is idle to deny what is not alleged, and the declaration does not allege that the defendant ever promised to " pay, furnish, or deliver" wood.  If the plaintiff would recover upon any contract other than the implied promise to perform the provisions of the will, she must allege and prove such contract.

3. The evidence about the wood was inadmissible, also, under the provisions of the will.  By the will the wood was to be hauled to the house, suitably cut and split, and put under cover for fuel for the use of the plaintiff, to whom the testator had given the use and occupancy of certain rooms in his house ; plainly meaning that the wood was to be used there and not elsewhere ; and there she had received and used it until within a few years.  The plaintiff, under the will, is tenant for life of the rooms and apartments in the house, with the right to wood for fuel to burn in those rooms ; and she has no right to take the wood away to sell or burn elsewhere.  1 Greenl. Cr. 107, n. 1 ; Co. Litt. 53 ; *Elliott* v. *Smith*, 2 N. H. 430.

4. The evidence touching the delivery of the corn was incompetent and irrelevant, for the reasons already given, concerning the evidence about the wood ; also, because, by the will, the place of delivery was the defendant's house upon the premises ; and any evidence tending to show a different place of delivery contradicts the will.  The plaintiff has always received the corn there until within two years, and there was no evidence that any other place was agreed upon by the parties, or that the plaintiff had signified any other place at which she desired it to be delivered, or had made any demand for the corn.  The evidence was not admissible upon any ground.  *Miles* v. *Roberts*, 34 N. H. 245 ; 2 Pars. on Cont. 160, and notes, and 162 ; Co. Litt. 110, b ; *Currier* v. *Currier*, 2 N. H. 75 ; 2 Kent 507.

5. As tenant for life, the plaintiff was bound to repair, and was liable for waste for not repairing.  *Wilson* v. *Edmonds*, 24 N. H. 517 ; 1 Greenl. Cr. 126–135, and notes ; 3 Black. Com. 227, *283 ; 4 Kent

76; Co. Litt. 53, a., and note 3; 2 Hill. on Torts 301. The defendant was obliged to repair to save the building, and the plaintiff having availed herself of the benefit of the defendant's labor and materials, ought not now to be allowed to object that she is liable only in case. The use of the rooms, &c., in the house, are given to the plaintiff for her use; she had no right to let them, but having done so, the defendant elects to claim of her the money she received for the rent.

BELLOWS, J. The main question in respect to the fuel is, whether the plaintiff had a right to use it off the premises, or to sell it. It is clearly provided by the will that the wood was to be delivered at the house of the testator and properly prepared for use there; but there is nothing in the provisions of the will or in the nature of the case inconsistent with its use elsewhere, or the sale of it. If, from infirmity, or from motives of economy, it became convenient for the plaintiff to live elsewhere, it would certainly be just that she should be allowed to take with her, or to sell, the corn and other provisions, and the wood also, unless her doing so would be injurious to the defendant and inconsistent with the parent's will.

Of course the plaintiff could not, by a removal from the house, change the place or time of delivery; but when delivered we think she may sell the wood or use it elsewhere. In this way she might make it more beneficial to herself without injury to the defendant; and no such injury has been suggested or perceived. And a construction of the will, then, that would allow such change in the mode of the use should be favored; as in the case of the grant of a mill and a right to draw water for the same; in which case it is well settled that the grantee may draw the same quantity for any other kind of mill. *Johnson* v. *Rand*, 6 N. H. 22; *Whittier* v. *Cocheco Manf. Co.*, 9 N. H. 454.

It is suggested by the defendant's counsel that the plaintiff must be regarded as tenant for life of the rooms described, with the right to wood to burn there, and that therefore she can not sell it or burn it elsewhere. But we think the wood is not to be regarded as an incident to the tenancy of these rooms, any more than the money, corn, or other provisions; on the contrary, we hold that, without occupying these rooms at all, the legatees would be entitled to the other things, as independent bequests. Where the right to estovers is a mere incident to an estate in the land, as in the case of a mere tenancy for life or in dower, the law has been otherwise; although in respect to dower, it is now changed by statute. These general views are recognized in *Fiske* v. *Fiske*, 20 Pick. 499, which is cited for the plaintiff. There a husband, by his will, gave to his wife a certain room in his house, and other privileges, during her life; and a son, after the testator's death, mortgaged to the widow certain real estate, with a condition, among other things, to send her firewood for one fire, to be drawn and cut at the door, fit for use. The court held that the mortgagor was bound to furnish the wood at such place as she should make her residence, provided it should be within a reasonable distance; and the circumstance that the house

was destroyed by fire did not exempt him from his obligation to furnish the wood.

In respect to the corn there is no evidence of any demand on the one hand, or offer to deliver it on the other, at any place. In *Pickering* v. *Pickering*, 6 N. H. 120, which was a suit against a devisee to recover a legacy of twenty dollars annually, charged on the land, it was decided that, by accepting the devise, the devisee became a debtor by reason of the land for the legacy; and like any other debtor, is bound to pay without a demand; and that he stood upon the same ground as if he had expressly promised to pay; and the plaintiff in assumpsit was allowed to recover. So in *Veasey* v. *Whitehouse*, 10 N. H. 409. In the former case, the court distinguish between a suit against a devisee and an executor for a legacy; holding that in the latter a demand is necessary. The case before us is like that of *Pickering* v. *Pickering*, except here the legacy was payable in specific articles, while in that case it was payable in money; but we think the same principle must apply, namely, that, as respects the devisee, the legacy stands upon the footing of an ordinary debt which he has promised to pay; and the question then is, whether, in the case of a promise to pay or deliver five bushels of corn yearly and every year, a demand before suit is necessary. In this case the time of payment is fixed, and it is incumbent on the defendant, generally, to deliver the corn at the place appointed, or to show a readiness to do so; or if none is appointed, then to seek the plaintiff and have her fix upon a reasonable place. In neither case is a demand necessary. Co. Litt. 210, b; 2 Kent Com. 505, 507, and cases; *Lobdell* v. *Hopkins*, 7 Cow. 516; *Goodwin* v. *Holbrook*, 4 Wend. 380; *Aldrich* v. *Albee*, 1 Greenl. 120; *Bixby* v. *Whitney*, 5 Greenl. 192; *Bean* v. *Simpson*, 16 Me. 49; *Howard* v. *Miner*, 20 Me. 325; *White* v. *Perley*, 15 Me. 470, where it is expressly held that a demand in such case is not necessary; and to the same effect is *Smith* v. *Loomis*, 7 Conn. 110; 1 Ch. Pl. 330; Chit. on Cont. (9th Am. Ed.) 730, note; 2 Greenl. Ev., sec. 609, 610, and note; *Currier* v. *Currier*, 2 N. H. 75. Upon the facts stated, then, an action of assumpsit can be sustained for not delivering the corn and wood. *Pickering* v. *Pickering*, 6 N. H. 120; *Veasey* v. *Whitehouse*, 10 N. H. 409; *Smith* v. *Jewett*, 40 N. H. 530.

The only question, then, as to the plaintiff's right to recover is, whether the action can be maintained on this declaration. The special count sets out the entire bequest to the plaintiff and her sister; the devise to the defendant, making him the residuary devisee; the condition by which the plaintiff became entitled to the whole bequest to herself and sister; the promise by the defendant to pay and perform according to the bequest; and his neglect and refusal to pay and deliver to the plaintiff the various articles, enumerating them, as provided by the will; and we see no objection to it. Under this declaration the defendant objected that evidence of his refusing to allow the plaintiff to take away wood was incompetent; but we do not see upon what ground, inasmuch as it tends to prove a refusal, as well as neglect to deliver the wood, and to this there can be no objection.

The only remaining question is in respect to the set-off for expense of shingling her part of the house, and cash received by her for rent of rooms. On this point it appears that the will gives the plaintiff the use and occupancy during her life of the westerly lower room in the testator's house, the chamber over it, and the northerly front lower room; and the defendant is the owner of the reversion, and also of the rest of the house. It is claimed by the defendant's counsel that the plaintiff and defendant are like tenants in common, and that she is bound to repair her part of the house. If this were so, we find no authority that would sanction the making of the repairs by one tenant, without the request of the other, and the recovery of a share of the expense in assumpsit. In such cases, the remedy at common law is by writ *de reparatione facienda.* Co. Litt. 54, b, 200, b; *Bowles' Case,* 11 Coke 82; 1 Salk. 360; 4 Kent Com. 370. So where one's house is ruinous and likely to fall on his neighbor's house, the same remedy is said to exist; Co. Litt. 56, b, and cases cited; and an action on the case will lie for the neglect to repair, by reason of which his neighbor's house is injured. Ibid., note 2, and Fitz. N. B. 296, note a. But here the parties are not tenants in common at all; but the plaintiff is seized of certain rooms, and the defendant of the remainder of the house; and in legal contemplation each has a distinct dwelling-house, although they are adjoining; and no authority is cited or found that would sustain an action at law, by one against the other, to recover for repairs made without request. In *Loring* v. *Bacon,* 4 Mass. 575, the defendant was seized of a lower room and cellar under it, and the plaintiff of the chamber above and the remainder of the house; and repairs to the roof being necessary, the defendant, on request, refused to join in making them; whereupon the plaintiff made them and brought assumpsit for a share of the expense. It was held, upon full examination of the authorities, that the action would not lie, and that the defendant was not bound to contribute to the expense; but the case stood like that of owners of separate but contiguous houses or mills, where the appropriate remedy, in case one suffers his building to become ruinous and to endanger or injure the other, is by writ *de reparatione facienda,* or action on the case. So in *Cheeseborough* v. *Green,* 10 Conn. 319, where the plaintiff owned and occupied the foundation and first and second stories of a building; and the defendant the third story and roof, which had become leaky and ruinous, whereby the plaintiff's goods were injured; it was held that an action on the case would not lie, but the remedy must be sought in equity. See, also, *Campbell* v. *Mesier,* 4 Johns. 334, and 4 Kent Com. 371–412, and notes. Upon these views we are of the opinion that this item of the set-off can not be sustained.

We are also of the opinion that the defendant is not entitled to recover the amount of the rent received by the plaintiff for her rooms. Whether the plaintiff has the right to let the rooms to another without the assent of the defendant or not, we think he has no such interest in them during the life of the plaintiff as to entitle him to the use of them in her absence, or to the rent, if

leased to another. The use and occupancy of the rooms are given to the daughters to live in during their lives, and while single, and during that period the defendant has no right to the use of them, as we conceive, under any circumstances, nor to any profits to be derived from their use.

These views are to be certified to the trial term.