(Opinion published 52 N. W. Rep. 528.)

---

ALMERIC H. PAGET *vs.* WILLIAM G. PARK.

Argued May 6, 1892.　Decided June 14, 1892.

**Vendor and Purchaser—Time of Performance Held Material.**

Where a contract for the sale of land provided that, if the vendee should fail to make payment of the purchase price within thirty days after date of furnishing abstracts, (or, in case of defect discovered, within ten days after same is removed and abstract furnished showing such removal,) the owner of the premises should be discharged from all liability under the contract, and the same should immediately become null and void, and time was thereby expressly made essential, *held* that, upon furnishing an abstract as so required, showing a clear and marketable title, and the failure of the vendee to make payment within the time specified, the contract became void at the option of the vendor without further act on his part.

**Performance.**

And where the vendee in such contract, whose residence and place of business were in the city where the land was situated and where the con-

tract was made and to be performed, left the state, and went to Europe, to be absent for several months, or an indefinite time, leaving his business partner in charge of his office, and in the mean time the abstract required by the contract was delivered to his partner at his place of business, with notice that it was furnished for the vendee, *held*, under the circumstances, sufficient performance on the part of the vendor to put the vendee in default under the contract unless he should make or tender payment within the time thereby required.

Appeal by plaintiff, Almeric H. Paget, from an order of the District Court of Ramsey County, *Kerr*, J., made August 25, 1891, denying his motion for a new trial. The contention in this court was mainly upon the evidence, whether it sustained the findings of fact made by the trial court. These findings are in substance stated in the opinion.

*Flandrau, Squires & Cutcheon*, for appellant.

Courts have ever held vendors, seeking by notice to make time of the essence of a contract, to a strict performance of the condition necessary to render time thus essential, and have required that the notice given shall not only be of an express, distinct, and unequivocal character, but shall be brought home to the other contracting party. Pomeroy, Cont. §§ 395, 396; Frye, Specific Perf. § 1068; *Austin* v. *Wacks*, 30 Minn. 335; *Quinn* v. *Olson*, 34 Minn. 422; *Cummings* v. *Rogers*, 36 Minn. 317.

*S. J. R. McMillan*, for respondent.

The agreement is void because the plaintiff did not comply with the terms of the contract requiring him to pay the sum of $1,566, within ten days after the defect discovered in the title was removed and abstract furnished showing such removal. Plaintiff admits and testifies that he obtained knowledge on the 13th or 14th of February, 1889, that the defect in the title had been removed on the 17th of December, 1888, and that this title was marketable; yet he did not pay said sum of $1,566 within ten days thereafter.

VANDERBURGH, J. This is an action to enforce the specific performance of a contract for the sale of land. The defendant, through

his agents in St. Paul, made a contract in writing with plaintiff bearing date November 15, 1886, whereby he agreed to sell and convey certain city lots in St. Paul belonging to defendant for the sum of $5,000, to be paid $100 in cash at the date of the contract, the sum of $1,566 on delivery of the deed, and the balance in one and two years, to be secured by mortgage on the property. It was stipulated therein that an abstract of title should be furnished to the vendee within thirty days, and that he should have thirty days thereafter to examine the same. It was further agreed as follows: "If the title is not pronounced good of record and in fact upon examination by competent counsel, and cannot be and is not made so within ten days thereafter, this agreement shall be void at vendee's option, in which case the above one hundred dollars earnest money shall be refunded, and neither party shall be liable for damages." "Time is hereby made an essential condition of this agreement, in that, if the said vendee shall fail to make payment of the balance of the above named ($1,566) on or before thirty days after date of furnishing abstract, (or, in case of defect discovered, within ten days after the same is removed, and abstract furnished showing such removal,) or shall fail to perform any of the covenants hereinbefore specified by him to be performed, then, and in that case, all moneys paid for this contract shall be forfeited, and the said owner of said premises shall be absolutely and forever discharged from any liability under this contract, which shall immediately become null and void." An abstract was furnished, which was not satisfactory, because it showed that another contract for the sale of the lots, made through another agent, was outstanding and uncanceled. After considerable delay defendant took proceedings to have the same canceled, and to perfect the title of record. Plaintiff did not elect to declare the contract void on account of the delay, but was anxious for its fulfillment.

Finally, on the 17th day of December, 1888, defendant procured a judgment removing the cloud upon the title of the lots in question, and making the same good and marketable.

About one month prior to the recovery of such judgment clearing the title, the plaintiff, whose permanent residence was and has since been in the city of St. Paul, went to England on a visit, and did not

return until February 13, 1889. Before his departure he knew of the pendency of defendant's suit to cancel the former contract and remove the cloud cast upon his title thereby. For a considerable time before his departure plaintiff was in partnership with one Smith in the real-estate business in St. Paul, which partnership continued during his absence and after his return.

Defendant was at the time of the execution of the contract, and ever since, a resident of the city of Pittsburgh, in the state of Pennsylvania. During plaintiff's absence the partnership of which he was a member had a regular place of business in St. Paul, which was occupied by his partner, Smith, in behalf of the firm. It does not appear that plaintiff had any other place of business, or that there was any other place where papers or notices could be served. As soon as the judgment above referred to perfecting defendant's title had been entered, the defendant, by his attorney, caused an abstract of title, as contemplated by the contract between these parties, to be prepared and duly certified, showing a good and marketable title to the premises in the defendant, and on the 26th day of December, 1888, left the same at the office of the firm of Paget & Smith, the partnership to which plaintiff belonged, as above stated, and delivered the same, for the plaintiff, to his partner, Smith, who was then and there in charge thereof, and then and there stated to Smith that the abstract was so left for the plaintiff. No other person than Smith, so far as appears, had any authority to act for plaintiff at St. Paul in his absence, but no express authority was given to him or to any one by plaintiff to represent or act for him during his absence in respect to the matter of the contract in question. Prior to the date last referred to, defendant had executed in due form, and forwarded to his attorneys in St. Paul, a good and sufficient deed, as required by the contract, to be delivered to the plaintiff on his compliance with the terms of the contract upon the production and delivery of the abstract. Immediately upon his return, plaintiff, on the 14th day of February, 1889, ascertained from an examination of the records that the judgment in defendant's favor, above described, had been entered, and that the title was thereby perfected. The court finds that from the time the abstract was de-

livered to his partner, Smith, December 26, 1888, down to the time of plaintiff's return from England, February 13, 1889, he did not, nor did any one on his behalf, notify the defendant or his agents or attorneys of his desire or ability to comply with the terms of the contract on his part. But upon his return he entered into correspondence with defendant, in which he demanded that the latter should fulfill his part of the contract. The result of the negotiations was that the defendant refused to recognize the obligation of the contract, and notified plaintiff of his election not to do so; and thereafter, on the 30th of March, 1889, the plaintiff tendered to the defendant the installment of $1,566 which was to be paid on the delivery of the deed, together with the notes and mortgage called for by the contract, and demanded a conveyance of the lots, which was refused; and thereupon plaintiff brought this action.

Furnishing the abstract was an essential condition to be performed on defendant's part before he could call upon the plaintiff to make payment. 1 Warv. Vend. 283.

It was his right and duty to perform such condition promptly after the title was perfected. In respect to the payment by plaintiff of the first installment within ten days thereafter, time was made essential by the contract, so that the most important question in the case is whether the delivery of the abstract to plaintiff's partner at his office, with notice of the purpose thereof, as above stated, was a performance of the stipulated condition on defendant's part so as to set the time running, and put plaintiff in default if the payment was not duly made or tendered by him. We are of the opinion that, under the circumstances, the delivery of the abstract in the manner stated constituted a compliance with the contract by defendant. Plaintiff had notice of pendency of the suit when he left the state, and knew that the defendant would be entitled to furnish the abstract if it should terminate favorably. He was bound to be ready for the contingency in case it should occur in his absence. He could not, by his absence from the state, suspend the operation of the contract, or the performance of the condition. Defendant's agents resided in the same city. If the plaintiff intended to be absent from the state for several months, or for an indefinite time, it

was very easy, and the proper thing for him to do, to notify defendant with whom to communicate as his attorney during his absence. Defendant was not bound to follow him to England. Plaintiff's place of residence and business was at St. Paul, where the property is situated, and where the contract was made, and presumptively to be performed. It was plaintiff's own fault and laches not to have appointed an agent to represent him, if his partner was not such agent. We are of the opinion that the defendant did all that the law required of him. *Allshouse* v. *Ramsay*, 6 Whart. 331; *Howard* v. *Miner*, 20 Me. 325; 2 Chit. Cont. (11th Ed.) 1204, 1205; *Peirce* v. *Pendar*, 5 Met. 352.

It is not necessary to determine what the rule would be if plaintiff had been temporarily absent within the state.

The contract in terms provided that, if payment was not made as stipulated, the defendant should be absolutely discharged from any liability under the contract. The abstract was furnished December 26, 1888. Plaintiff returned February 14, 1889, and made tender of payment March 30, 1889. He was then in default, and defendant had waived no rights. He simply remained upon the defensive. He was not obliged to do anything more than he did do. Plaintiff was in default, and the contract was at an end when this suit was brought.

We deem it unnecessary to consider any other of the assignments of error.

Order affirmed.

(Opinion published 52 N. W. Rep. 532.)